**THOMASVILLE BRANCH OF the NATIONAL ASSOCIATION FOR the ADVANCEMENT OF COLORED PEOPLE et al., Plaintiffs-Appellants,**

v.

**THOMAS COUNTY, GEORGIA, et al., Defendants-Appellees.**

No. 80–7412.

United States Court of Appeals,
Fifth Circuit.
Unit B

March 20, 1981.

Herbert Phipps, Albany, Ga., David F. Walbert, Atlanta, Ga., for plaintiffs-appellants.

Whitehurst, Cohen & Blackburn, A. J. Whitehurst, Thomasville, Ga., for defendants-appellees.

Before JONES, FAY and HENDERSON, Circuit Judges.

FAY, Circuit Judge:

Plaintiff-appellants brought this action to have the at-large electoral system in Thomas County, Georgia declared invalid on the grounds that it violated the First, Fourteenth, and Fifteenth Amendments, as well as 42 U.S.C. §§ 1971 and 1973. The District Court, apparently considering their contentions only as to the Fourteenth and Fifteenth Amendments, held for defendant. We reverse and remand for reconsideration in light of our opinion today, *Lodge v. Buxton,* 639 F.2d 1358 (5th Cir. 1981), as to the proper interpretation of the Supreme Court's recent decision in *Mobile v. Bolden,* 446 U.S. 55, 100 S.Ct. 1490, 64 L.Ed.2d 47 (1980).

The final resolution of this case depends entirely on a conclusion of law.[1] Therefore, we do not set out herein the facts of this case. Additionally, we will not attempt to repeat here the extensive discussion of *Bolden,* and its impact on the law, contained in our decision in *Lodge v. Buxton, supra.* We simply direct the District Court's attention to that opinion.

We reverse the District Court's judgment because we believe it erroneously interpreted *Bolden* to mean that proof of the *Zimmer* criteria or similar factors is not adequate to *allow* an inference to be drawn that the electoral system was being maintained for discriminatory purposes. The District Court was correct to the extent it concluded that proof of the *Zimmer* factors did not give rise to a *presumption* of discriminatory intent. Proof of the *Zimmer* factors may or may not lead a Court to draw an inference of intent. That is an independent legal conclusion that must be made by the trial court, whose unique local perspective allows the totality of the circumstances to be considered in light of the

---

1. The District Court made the following findings: (1) Blacks were not denied access to the political process, in terms of voter registration; (2) the county commission is unresponsive to the needs of Blacks in Thomas County; (3) the state policy for allowing at-large elections is not discriminatory; and (4) past discrimination does adversely affect the opportunity of Blacks to effectively participate. An examination of the record convinces us that none of these findings are clearly erroneous.

political, social, and economic realities of a particular community. Finally, we would encourage the District Court to consider factors other than those set out in *Zimmer*, such as depressed socio-economic conditions.[2] *See Kirksey v. Bd. of Supervisors of Hinds County*, 554 F.2d 139 (5th Cir.) (*en banc*), *cert. denied*, 434 U.S. 968, 98 S.Ct. 512, 54 L.Ed.2d 454 (1977).

Accordingly, this case is REVERSED and REMANDED for reconsideration in light of this opinion and our opinion today in *Lodge v. Buxton*, 639 F.2d 1358 (5th Cir. 1981).

HENDERSON, Circuit Judge, dissenting:

For the reasons set forth in my dissent to *Lodge v. Buxton*, 639 F.2d 1358 (5th Cir. 1981), decided today as the lead case in this trilogy of voting dilution challenges, and the observations following, I would affirm the district court's findings of fact and conclusions of law.

My colleagues and I agree that the findings of the district court are not without support, in the record as a whole and are not clearly erroneous. *Thomasville Branch of the National Association for the Advancement of Colored People v. Thomas County, Ga.*, supra at 1385 n. 1 (5th Cir. 1981). We part company, however, on the inferences to be drawn from the district court's discussion of *Mobile's* effect on the *Zimmer* test. In a passage cited by the district court, the Supreme Court stated without qualification that "satisfaction of those [*Zimmer*] criteria is not of itself sufficient proof of such a [discriminatory] purpose." *City of Mobile v. Bolden*, 446 U.S. at 73, 100 S.Ct. at 1503, 64 L.Ed.2d at 62. This conclusion expressly overruled that portion of this court's decision which indicated that a *Zimmer* aggregate was conclusive proof of racial motivation. The *post-Mobile* epilogue of the district court's opinion demonstrates that the court recognized its new freedom to decide animus based on the en-

tire record, even when the *Zimmer* factors registered positive discriminatory effect. Accordingly, the district judge proceeded to make his assessment based on the totality of evidence that proof of discriminatory purpose as required by *Mobile* had not been shown. The judge believed that he was following the requirements of *Mobile* and this conclusion should not be disturbed.

Moreover, the majority would encourage the district court on remand to consider evidence of depressed socio-economic conditions. I believe the *Mobile* decision rejects reliance on such evidence, however, and I find the district court's present opinion to be well-grounded both in fact and in law. I would therefore affirm the district court judgment.

---

**2.** The District Court is also encouraged to consider the "enhancing factors" such as the size of the county, a history of bloc voting, anti-sin-

gle shot provisions, requirements that candidates run from numbered posts, and majority vote requirements in primary elections.